## ISABELLA v FEISS

Ohio Appeals, 8th Dist, Cuyahoga Co

No 16264. Decided March 28, 1938

Harrison & Marshman, Cleveland, for plaintiff-appellee.

J. R. Kistner, Cleveland, for defendant-appellant.

STEVENS, PJ, DOYLE and WASHBURN, JJ, (9th Dist) sitting by designation.

## OPINION

By DOYLE, J.

Michael Isabella, as plaintiff, commenced an action in the Court of Common Pleas of Cuyahoga County, against Carrie Lehman Feiss. The complaint alleged that, as a direct and proximate result of various negligent acts of omission and commission of the defendant, the plaintiff was greviously injured.

Further, the plaintiff specifically charged that on the 31st day of October, 1934, while he was employed by the defendant as a chauffeur, he was requested by said defendant to remove some flower boxes from a ledge of her house, which ledge was located ten or twelve feet above one of the entrances, and that in pursuance to her direction he procured a ladder owned by the defendant and "proceeded about his work."

He further alleged that while he was so employed "he was suddenly and violently precipitated to the ground by reason of the breaking of the rungs and * * * a side of said ladder."

An answer was filed to this petition by the defendant, Carrie Lehman Feiss.

The cause came on for trial on the 16th day of February, 1937. Prior to the impaneling of the jury, counsel for the defendant advised the court that his client had died on the 29th day of April 1936 and requested permission to have substituted for the decedent, Edith Feiss as executrix of the decedent's estate, and also requested permission to file an amended answer on behalf of said executrix. These requests were granted and the case proceeded to trial. A verdict was returned for the plaintiff in the amount of Fifteen Thousand Five Hundred Dollars ($15,500.00) and judgment was subsequently rendered thereon.

The appeal to this court is on questions of law from that judgment.

Various assignments of error are urged, upon which this court is asked to predicate a reversal of the judgment. The ruling on the first one is dispositive of the appeal. It is that:

"The trial court erred in the admission of testimony" by permitting the "plaintiff to testify in his own behalf despite the fact that the adverse party is an executrix."

The record of the case discloses that the plaintiff was permitted to testify fully concerning the nature of his employment, the specific directions given him by the executrix's decedent for the removal of the flower boxes, the decedent's knowledge of the condition of the ladder, the nature and extent of his injuries, etc.

His testimony tended to establish the claimed negligence of the defendant's decedent and likewise to dispel any inference of negligence on his own part. It further tended to dispel any inference of an assumed risk on his own part in performing the work. The testimony given, if erroneous, was of a highly prejudicial character and sufficient error for a reversal of the cause.

The defendant executrix seasonably objected and excepted to the ruling of the court in respect thereto and did not cross-examine. Nor did the defendant introduce any evidence in the case.

It appears further from the record that at the instance of the defendant executrix, the deposition of the plaintiff was taken on the 10th day of February, 1937. It was not filed by her. The plaintiff however, ordered it reduced to writing, and it was filed with the papers in the case on the 13th day of February, 1937.

The trial court permitted the plaintiff to testify on the theory that the defendant had waived the privilege extended within the provisions of §11495 GC because the plaintiff's deposition was taken at the instance of the defendant.

Regardless of the many reasons advanced by the trial judge in support of this theory of waiver, we are of the opinion that the latest pronouncement of the Supreme Court

of this state on the subject is controlling in this case.

That court there said:

"The taking and filing of a deposition of the adverse party, which is not offered in evidence at the trial of the case, does not waive the statutory inhibition against the testimony of the party whose testimony is so taken and filed, arising by reason of the provisions of §11495, GC."

**Prince, Exec. v Abersold, 123 Oh St 464.**

The first error assigned requires a reversal of the cause. We do not reach the conclusion, however, that a final judgment should be entered. Judgment reversed and cause remanded.

STEVENS, PJ, and WASHBURN, J, concur in judgment.